UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

United States of America,
    Plaintiff–Appellee,

v.

Nathan Zain Omar,
    Defendant–Appellant.

Sixth Circuit Case No. _____
(From E.D. Michigan, No. 21-cr-20653
Hon. Thomas L. Ludington)

F I L E D
JAN 2 1 2026
CLERK'S OFFICE
DETROIT

EMERGENCY MOTION FOR RELEASE PENDING APPEAL

AND APPEAL FROM ORDER DENYING REVOCATION OF DETENTION

Defendant–Appellant Nathan Zain Omar, appearing pro se, respectfully moves this Honorable Court pursuant to 18 U.S.C. § 3145(c), Fed. R. App. P. 9(a), and Rule 32.1(a)(6) to reverse the district court's detention order and order his release pending the supervised-release revocation hearing.

I. JURISDICTION

This Court has jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291 to review the district court's December 4, 2025 Order denying Defendant's motion to revoke detention.
Review is de novo as to legal conclusions and for clear error as to factual findings.
United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).

II. PROCEDURAL HISTORY
1. Defendant was detained pending a supervised-release revocation hearing.
2. On September 15, 2025, the magistrate judge ordered detention.
3. Defendant moved for revocation of detention under Rule 32.1(a)(6).
4. On December 4, 2025, Judge Thomas L. Ludington denied the motion, concluding no "new and material" evidence existed.
5. This appeal and emergency motion timely follow.

## III. STANDARD OF REVIEW

Under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a)(1), detention is improper where a defendant proves by clear and convincing evidence that he:
1. Is not likely to flee, and
2. Does not pose a danger to any person or the community.

A detention order must be reconsidered where new, material information directly bears on these findings.
United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012).

## IV. ARGUMENT

### A. The District Court Applied an Incorrect Legal Standard

The district court held that the only "new" evidence was a state-court mistrial and concluded it did not affect flight risk.

This was legal error.

The court failed to consider undisputed, material evidence that:
- was not presented at the detention hearing, and
- directly rebuts flight-risk and danger findings.

Failure to consider such evidence violates Rule 32.1, § 3143, and due process.
United States v. Salerno, 481 U.S. 739 (1987).

### B. New, Material Evidence Was Ignored

1. March 4, 2025 Text Messages from Probation Officer Ashley Teeples
On March 4, 2025, Defendant's supervising probation officer texted Defendant stating:

- she would not place a federal hold,
- she was comfortable with Defendant being released on bond, and
- Defendant only needed to notify her if he bonded out.

This evidence:

- was not presented at the detention hearing,
- was not analyzed by the district court, and
- comes from the official most qualified to assess supervision risk.

Probation officer assessments are "highly probative" on danger and flight risk.
United States v. Williams, 948 F. Supp. 692, 693 (E.D. Mich. 1996).

―――

2. The Federal Hold Was Administrative, Not Conduct-Based
Probation placed a hold months later, not due to misconduct, but:
- after delay in state proceedings, and
- after communication with a state prosecutor.

There was:
- no violation,
- no new conduct,
- no increased risk.

Detention cannot rest on administrative convenience.
Montalvo-Murillo, 495 U.S. 711 (1990).

―――

C. Defendant's Year-Long Perfect Compliance Rebuts Detention

For over one year on supervision, Defendant:

- Worked two full-time jobs
- Maintained stable housing and transportation
- Attended all therapy
- Never failed a drug test
- Never missed reporting
- Immediately reported all police contact
- Had zero violations

Such a record squarely satisfies the clear-and-convincing standard.
United States v. Collier, 2020 WL 1506288 (E.D. Mich. 2020).

―――

D. No Evidence Supports a Danger Finding

Danger must be based on actual conduct, not allegations.

Salerno, 481 U.S. at 751.

Defendant had:
- no violent incidents,
- no misconduct,
- full treatment compliance.

This record cannot support detention under Rule 32.1.

---

E. State-Court Release and Mistrial Further Undermine Detention

The state court:
- granted a mistrial due to tainted evidence, and
- released Defendant on bond.

While not controlling, such findings are relevant to federal detention analysis. United States v. Saville, 2020 WL 4698331 (D. Mass. 2020).

---

V. RELIEF REQUESTED

Defendant respectfully requests that this Court:
1. REVERSE the district court's detention order;
2. ORDER Defendant released pending the SRV hearing; or
3. In the alternative, REMAND with instructions to consider the March 4, 2025 probation-officer communications and full compliance record.

---

VI. EMERGENCY NATURE

Defendant remains detained despite overwhelming evidence that he poses no risk and despite probation's own prior determination that no hold was warranted.

Continued detention causes irreparable harm and undermines Rule 32.1's purpose.

---

VII. CONCLUSION

This case presents exactly the type of error § 3145(c) exists to correct:

# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff- Appellee,

v.
NATHAN ZAIN OMAR,
Defendant-Appellant.

Case No. 21-cr-20653
Hon. Thomas L. Ludington

_____ /

**PROOF OF SERVICE – EMERGENCY MOTION FOR RELEASE PENDING APPEAL**

I, __NAthan Omar_____, declare that on the date below, I served the following document:

**DEFENDANT'S EMERGENCY MOTION FOR RELEASE PENDING APPEAL AND APPEAL FROM ORDER DENYING REVOCATION OF DETENTION**

—

The document was served on:

~~OFFICE OF THE CLERK UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT~~
~~540 Potter Stewart U.S. Courthouse~~
~~100 East Fifth Street~~
~~Cincinnati, Ohio 45202-3988~~

Clerk of the Court
U.S. Court House
231 W. Lafayette Blvd
Detroit MI 48226-2799

**Method of Service (check one):**

☒ **U.S. Mail** – I placed the Motion in the U.S. mail with proper postage.
☐ **Hand Delivery** – I personally delivered the Motion.
☐ **Email Service** – I emailed the Brief to the U.S. Attorney's Office.
☐ **Electronic Filing (CM/ECF)** – I filed and served the Motion through the Court's electronic system.
☐ **Other (specify):**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of JANUARY , 2025
at Midland County Jail 105 East Fee DR _____ (City, State). Midland Michigan 48642

**Signature** /s/ Nathan Omar

**Printed Name** NATHAN OMAR

**Phone or Email**



Nathan Omar 912935
Midland County Jail
105 East Ice Dr
Midland MI, 48642

Legal Mail

CLERK'S OFFICE
U.S. DISTRICT COURT
JAN 21 2026
RECEIVED

The writer of this letter
is an inmate in the
Midland County Jail
Midland, MI 48642

Clerk of the Court
U.S. Court House
231 N. Lafayette Blvd
Detroit MI, 48226-2799

48226-277758