No. 26-1051

In the United States Court of Appeals
for the Sixth Circuit

# United States of America,

Plaintiff - Appellee,

v.

# Nathan Zain Omar,

Defendant - Appellant.

On Appeal from the United States District Court
for the Eastern District of Michigan
No. 21-cr-20653 (Hon. Thomas L. Ludington)

## Brief for the United States

Jerome F. Gorgon Jr.
United States Attorney

Katharine Hemann
Assistant United States Attorney
Eastern District of Michigan
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
Katharine.Hemann@usdoj.gov

# Table of Contents

Table of Authorities..................................................................................ii

Oral Argument Is Unnecessary ............................................................. iii

Issue Presented ........................................................................................ 1

Statement of the Case ............................................................................. 2

Summary of the Argument ..................................................................... 5

Argument.................................................................................................. 6

    The district court did not abuse its discretion in denying
    Omar's Motion to Revoke his detention order based on
    information that was neither new nor material............................. 6

Conclusion ............................................................................................. 11

Certificate of Service ............................................................................. 12

Relevant District Court Documents..................................................... 13

## Table of Authorities

**<u>Cases</u>**

*United States v. Bothra,*
  2019 WL 8883664 (6th Cir. Nov. 5, 2019) .............................................8

*United States v. Hare,*
  873 F.2d 796 (5th Cir. 1989) ................................................................7

*United States v. Hazime,*
  762 F.2d 34 (6th Cir. 1985) ..................................................................7

*United States v. Sandles,*
  9 Fed. Appx. 377 (6th Cir. 2001) .........................................................8

*United States v. Stanford,*
  367 F. App'x 507 (5th Cir. 2010) .........................................................7

*United States v. Watson,*
  475 F. App'x 598 (6th Cir. 2012) ..................................................... 7, 8

**<u>Statutes</u>**

18 U.S.C. § 922(g)(1) ...................................................................................2

18 U.S.C. § 3142(f) ......................................................................................7

18 U.S.C. § 3142(f)(2) ............................................................................. 1, 7

18 U.S.C. § 3142(f)(2)(B) ........................................................................ 7, 8

**<u>Rules</u>**

Fed. R. Crim. 32.1. .......................................................................................7

## Oral Argument Is Unnecessary

The defendant, Nathan Omar, has not requested oral argument. This is an expedited bond appeal, and the issue under review is straightforward. Accordingly, oral argument is not needed, and deciding this appeal on the briefs would avoid unnecessary delay.

## Issue Presented

Did the district court abuse its discretion under 18 U.S.C. § 3142(f)(2) when it denied defendant's motion to reopen the supervised release violation detention hearing finding that no new material information was presented that reduced the likelihood that he will flee and the risk he poses to the community?

## Statement of the Case

On June 2, 2021, officers were dispatched to a location to locate an individual armed with a handgun. (R.25: Plea Agreement, 57). Officers identified defendant, Nathan Omar, who had several prior felony convictions, and secured a loaded .40 caliber Glock from his person. (*Id.*, 57-58). Omar was indicted for possession a firearm with prior felony convictions in violation of 18 U.S.C. § 922(g)(1). (R1: Indictment). On August 3, 2022, Omar pleaded guilty to that offense. (R.25: Plea Agreement).

On November 10, 2022, Omar was sentenced to 37 months imprisonment, followed by 3 years of supervised release. (R.40: Judgement, 185-86). Defendant served his term of imprisonment and began his term of supervised release on January 17, 2024. (R.43: Petition for Warrant, 197).

On June 17, 2025, Omar's Probation Officer filed a petition alleging that Omar had violated the conditions of his supervised release. (R. 43, Petition for Warrant). The petition alleged that on November 19, 2024, Omar was charged in state court with assault with intent to murder based on an incident where Omar stabbed a woman

outside a bar seven times following an argument. (*Id.* at198). The petition further alleges that shortly after this incident, Omar left the Eastern District of Michigan without authorization from his probation officer and traveled to Texas, where law enforcement arrested him approximately one hour north of the Mexico border with $8,500 on his person. (*Id.*).

On September 15, 2024, Omar, with counsel, appeared before the magistrate court for his initial appearance on the supervised release violation petition. (R.52: Order of Detention, 211). Omar pleaded not guilty to the supervised release allegations, waived his right to a preliminary hearing and requested a detention hearing be held. (*Id.* at 211-12). Regarding the underlying state charges, Omar argued that case was self-defense, stating "we have a video, and in that video it's clear my client is acting in self-defense. There's even weapons of other parties in that particular video." (R.75: Detention Hearing Transcript, 383). Second, regarding his flight from the state, Omar argued that "he went there to sell some vehicles and deal with some property, because he wanted to hire an attorney for what he anticipated to be the problem in Saginaw." (*Id.* at 384). Omar informed the magistrate judge that he

3

had a bus ticket back and offered to show it to the court. (*Id.*). The magistrate judge found that Omar had not shown by clear and convincing evidence that he would not flee or pose a danger to the community. (R.52: Order of Detention, 212). Regarding flight, the magistrate judge noted that Omar had previously gone to Texas with permission and that "this time he did not get permission and instead went on his own without letting the probation officer know about it." (R.75: Detention Hearing Transcript, 387-88). In discussing danger to the community, the magistrate judge noted that there was probable cause to believe he had committed the offense and while the defense had good arguments, it would be "pretty impossible to show by clear and convincing evidence that there is – that he's not likely to pose a danger if he were to be released." (*Id.* at 388).

  Defendant's trial for his state criminal case began in October 2025 and on October 31, 2025, after the state rested, Omar moved for a directed verdict. (R.59: Opinion and Order, 268). Omar also moved for a mistrial, arguing the state offered tainted evidence. (*Id.*). The court denied the motion for a directed verdict but granted the mistrial. (*Id.*). On November 5, 2025, Omar filed a motion for revocation of his

4

detention order in federal court. (R.56: Motion for Revocation). Omar argued that the new information was the mistrial based on "tainted evidence presented by the People which failed to expose that there weapons (knives) held by the 'victim' and a friend of the victim's at the scene of the alleged assault." (*Id.* at 239). Regarding flight, Omar again asserted that he intended to return and attached a bus ticket, in someone else's name, as evidence. (*Id.* at 240, 247-49).

On December 4, 2025, the district court denied Omar's motion without a hearing by written order. (R.59: Opinion and Order). Omar now appeals. (R.68: Notice of Appeal, 355).

## Summary of the Argument

The district court did not abuse its discretion in finding that the defendant failed to proffer new information that was sufficiently material to his dangerousness and his risk of flight to warrant reopening his detention hearing. Only if the court finds there is new information that was not known to the defendant at the time of the earlier detention hearing, and that has material bearing on whether there are conditions of release that will reasonably assure the

defendant's appearance as required and the safety of the community may the issue of detention be reopened.

Omar was detained because he could not meet the high burden of establishing by clear and convincing evidence that he would not flee or pose a danger to any person in the community. Omar asked the district court to reopen his detention hearing with the "new" information: (1) that his state case ended in a mistrial, leaving that case in the same place as it was at the time of the initial detention hearing and (2) evidence of a bus ticket, in another person's name, to show that he intended to return from Texas.

Neither of these claims is new information that was unknown at the time of the initial hearing that has a material bearing on Omar's appearance in court and the safety of any other person in the community. The district court did not abuse its discretion in denying Omar's request to reopen his detention hearing.

## Argument

**The district court did not abuse its discretion in denying Omar's Motion to Revoke his detention order based on information that was neither new nor material.**

Neither Criminal Rule 32.1 nor the statutes that it cites discuss reopening a detention hearing in a supervised release violation case. Fed. R. Crim. 32.1. Under 18 U.S.C. § 3142(f)(2), defendants in preconviction criminal cases may seek to reopen a detention hearing. 18 U.S.C. § 3142(f)(2)(B). Without a corresponding vehicle in supervised release cases, the district court in this matter applied the 18 U.S.C. § 3142(f) standard to this case. Under 18 U.S.C. §3142(f)(2)(B), a pretrial detention hearing "may be reopened" if the district court finds that there is information that was not previously known and that has a material bearing on the issues regarding detention. Because the statute uses the word "may", whether to reopen a detention hearing is committed to the district court's discretion, and this Court reviews for abuse of that discretion. *United States v. Watson*, 475 F. App'x 598, 599-600 (6th Cir. 2012); *accord, United States v. Stanford*, 367 F. App'x 507, 509-10 (5th Cir. 2010); *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). The standard of review here is different from that for review of an initial detention hearing ruling, in which factual findings are reviewed for clear error and legal determinations *de novo. United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

7

> 18 U.S.C. § 3142(f)(2)(B) states:
>
> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Establishing new information under this section "requires a showing of truly changed circumstances or a significant event." *United States v. Bothra,* 2019 WL 8883664 at *1 (6th Cir. Nov. 5, 2019). Information is not considered new "if it could have been presented at the previous hearing." *Id.* Further, the information must be sufficiently material. *United States v. Sandles*, 9 Fed. Appx. 377, 379 (6th Cir. 2001). To be material, the information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600.

The only new information Omar presents is that a mistrial was granted in his state case[1]. Omar argued that the mistrial supported his self-defense claim. However, this information is not new. Omar has consistently argued that he acted in self-defense and his counsel argued this at the bond hearing, stating "we have video, and in that video it's clear that my client is acting in self-defense. There's even weapons of other parties in that particular video. So I don't think that…is a case that is strong." (R.75: Transcript of Detention Hearing, 383). The state court case has not been dismissed and the strength of the case against Omar was known to him at the time of the initial detention hearing. Omar's state charges were introduced at the initial detention hearing and that information has not changed since. Omar still has pending Assault with Intent to Murder charges in state court and made all his arguments regarding self-defense at the initial detention hearing.

---

[1] Omar repeatedly makes the conclusory statement that the mistrial was granted based on a state witness's manipulation of evidence but cites to nothing. There is nothing in the record to support that claim. Omar's counsel stated that a mistrial was granted based on tainted evidence presented by the People. (R.56: Motion for Revocation of Detention Order, 239),

9

Further, Omar did not advance any new, material information, that would increase the likelihood that the defendant will appear at trial. Rather, defendant re-argued his claim that he intended to return from Texas and attached a bus ticket in another person's name as evidence of this. This information existed at the time of the initial detention hearing and Omar argued all of it. (R.75: Transcript of Detention Hearing, 383-84).

It is important to emphasize that this appeal is defendant's appeal of the district court's denial of his motion to re-open the detention hearing, not an appeal from the initial denial of bond. The district court found that Omar had not demonstrated cause to reopen his detention hearing. (R.59: Opinion and Order, 272). Because Omar did not satisfy the conditions to reopen his detention hearing, his detention was not re-evaluated and therefore the district court did not need to consider any additional evidence.[2]

---

[2] The other arguments counsel discusses regarding input from Omar's federal probation officer were raised by Omar in a pro se filing after the district court issued the opinion and order that Omar now appeals.

Accordingly, the district court did not abuse its discretion in denying the defendant's motion to reopen the detention hearing.

## Conclusion

For the reasons stated above, the decision of the district court should be affirmed.

          Respectfully submitted,

          Jerome F. Gorgon Jr.
          United States Attorney

          /s/ Katharine Hemann
          Katharine Hemann
          Assistant United States Attorney
          Eastern District of Michigan
          101 First Street, Suite 200
          Bay City, MI 48708
          (989) 895-5712
          Katharine.Hemann@usdoj.gov

Dated: February 2, 2026

## Certificate of Service

I certify that on February 2, 2026, I caused this Brief for the United States to be electronically filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of the filing to the following attorney of record:

    Kevin M. Schad, Kevin_schad@fd.org

    /s/ Katharine
    Assistant United States Attorney

# Relevant District Court Documents

The United States of America designates as relevant these documents in the district court's electronic record, Eastern District of Michigan case number 21-cr-20653:

| Record No. | Document Description | Page ID Range |
|---|---|---|
| 1 | Indictment | N/A |
| 25 | Plea Agreement | N/A |
| 40 | Judgement | 185–86 |
| 43 | Petition for Warrant | N/A |
| 52 | Order of Detention | 211–12 |
| 56 | Motion for Revocation | N/A |
| 59 | Opinion and Order | N/A |
| 68 | Notice of Appeal | 355 |
| 75 | Detention Hearing Transcript | 383–384, 387–88 |