No. 26-1051

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

NATHAN ZAIN OMAR,

*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

REPLY BRIEF OF APPELLANT OMAR
_____

JOSEPH MEDICI
Federal Public Defender SDOH

Kevin M. Schad
Attorney for Appellant
Appellate Chief
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
513.929.4834
Kevin_schad@fd.org

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................... ii

ARGUMENT ......................................................................................................1

I. THE DISTRICT COURT SHOULD HAVE RELEASED OMAR PENDING HIS REVOCATION, AS NEW EVIDENCE PROVIDED CLEAR AND CONVINCING PROOF THAT HE WAS ENTITLED TO RELEASE ...............................................................................................1

CONCLUSION ...................................................................................................5

CERTIFICATE OF COMPLIANCE .................................................................6

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Nash v. Bryce*,
  157 F.4th 436 (6th Cir. 2025)(Judge Readler, dissenting)..............................2

*United States v. Carpenter*,
  157 F.4th 841 (6th Cir. 2025) ........................................................................1

*United States v. Hazime*,
  762 F.2d 34 (6th Cir. 1985)............................................................................2

*United States v. Todd*,
  920 F.2d 399 (6th Cir. 1990).........................................................................3

**Other Authorities**

https://dictionary.cambridge.org/us/dictionary/english/reconsider ...................2

# ARGUMENT

## I. THE DISTRICT COURT SHOULD HAVE RELEASED OMAR PENDING HIS REVOCATION, AS NEW EVIDENCE PROVIDED CLEAR AND CONVINCING PROOF THAT HE WAS ENTITLED TO RELEASE

The district court should have permitted Omar's release pending his supervised release revocation proceeding. Omar presented compelling facts, which were unavailable to the magistrate court in making its initial detention decision, which warranted release.

The Government first contends this Court should review this claim only for abuse of discretion, as it is a reconsideration motion, and the statute uses the term "may." The statute's use of the term "may" is not dispositive. The statutory language is:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

A word is "known by the company it keeps." *United States v. Carpenter*, 157 F.4th 841, 848 (6th Cir. 2025). The term "may" in this context references the district court's decision to re-open the proceedings, not grant release.

Therefore, the permissive language used by Congress in promulgating the statute does not guide this Court on the appropriate standard of review.

This Court has, as far back as 1985, consistently used the standard of clear error for findings of fact and de novo for mixed questions of law as it relates to review of a district court's detention decisions. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). There, the Court determined that because the Court does not hold hearing or take evidence itself, this standard was sufficient for review of a district court's determination. There is no reason given by the Government to upend this stare decisis. Accord *Nash v. Bryce*, 157 F.4th 436, 474 (6th Cir. 2025)(Judge Readler, dissenting)(" Honoring precedent brings predictability to the law and channels our decisionmaking, features, not bugs, of our system of adjudication.").

Finally, Omar would note that the district court was not reconsidering its own detention decision. Rather, it was for the first time taking up the issue and reviewing the magistrate court's detention decision. The term reconsider connotes "to think again about a decision or opinion and decide if you want to change it." https://dictionary.cambridge.org/us/dictionary/english/reconsider Here, the district court was not "thinking again" about its own decision – it was considering detention for the first time. This is therefore a poor vehicle

2

for the abuse of discretion standard. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

Turning to the merits, the Government argues that the state mistrial is not the type of "truly changed circumstance" or "significant event" worthy of a redetermination of Omar's detention. The Government contends that the fact that Omar is claiming self-defense is not a "new fact," and that "there is nothing in the record" to support the claim that a state witness manipulated evidence at the state trial. (Government Brief Page: 13) But this Court can consider the averment made by defense counsel in motioning for release: "[t]he matter resulted in a mistrial on Oct. 31, 2025. The reason for the mistrial was tainted evidence presented by the People which failed to expose that there were weapons (knives) held by the 'victim' and a friend of the victim's at the scene of the alleged assault." (R.55, Motion PAGE ID # 223) The Government responded to this motion, but did not correct or otherwise give a different version of events from the state trial. (R.57, Response PAGE ID # 259) Thus, there is no reason to doubt defense counsel's version of what occurred at the state trial.

The Government's argument also ignores the additional new fact that Omar was granted an OR bond in state court pending his retrial. This is no

3

minor detail. Omar was facing assault with the intent to murder charges in state court, and based on the events that occurred during the state trial, the state court saw fit to reduce the bond to a personal recognizance. (R.55, Motion Exhibit 1 PAGE ID # 227) The district court did not address this fact, which was not available to the magistrate court at the time of the initial detention decision. Indeed, the nature of the state charges weighed heavily on the magistrate court's detention determination: "at this point in time, since the state charge is of such a violent nature, it's pretty impossible to show by clear and convincing evidence that there is – that he's not likely to pose a danger if he were to be released." (R.75, Initial Hearing PAGE ID # 387-88) The state court, having reconsidered Omar's danger in light of sitting through a trial on the matter, constitutes a "truly changed circumstance" or "significant event" worthy of a redetermination of Omar's detention which should not have been ignored by the district court. This Court should find that the district court erred, and remand for further proceedings.

## CONCLUSION

For these reasons, as well as those presented in the initial brief, Omar respectfully asks this Court to vacate the district court's December 4, 2025 order and remand for further proceedings consistent with this Court's decision.

Respectfully Submitted,

JOSEPH MEDICI
Federal Public Defender SDOH

/s/
Kevin M. Schad
Attorney for Appellant
Appellate Chief
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the above brief contain 1225 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ _____
Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Katharine Hemann

/s/ _____
Kevin Schad
Attorney for Appellant