No. 26-1051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 9, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Appellee, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| NATHAN ZAIN OMAR, | ) |
| | ) |
|    Defendant-Appellant. | ) |

Before: MOORE, NALBANDIAN, and READLER, Circuit Judges.

Defendant Nathan Zain Omar appeals the district court's order denying his motion to reopen his supervised release violation detention hearing. We find that the facts and legal arguments are adequately presented in the briefs and record such that oral argument is unnecessary. Fed. R. App. P. 34(a)(2)(C).

When a person is charged with violating conditions of supervised release, a magistrate judge must apply the standards in 18 U.S.C. § 3143(a)(1) to determine whether the person will be detained pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). The burden is on the person to show, by clear and convincing evidence, that he will not flee or pose a danger to any other person or the community if released. *Id.*; 18 U.S.C. § 3143(a)(1). We review a district court's factual determinations for clear error and review mixed questions of law and fact (including whether detention is warranted) de novo. *See United States v. Christman*, 596 F.3d 870, 870 (6th

Cir. 2010) (mem.) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *Hazime*, 762 F.2d at 37).

Under 18 U.S.C. § 3142(f)(2)(B), a pretrial "detention hearing may be reopened if 1) new information exists that was unknown to the movant at the time of the hearing; and 2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). For a violation of supervised release, however, "no rule or statute expressly requires a hearing before detention" or provides a mechanism for reopening that hearing. *United States v. Moore*, Nos. 2-3497/3499, 2020 WL 6580481, at *1 (6th Cir. July 8, 2020) (citing *United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005) (per curiam)). We need not decide in this case whether Omar can reopen a detention hearing pending the revocation of his supervised release because his claim fails even under § 3142(f)(2)(B)'s standard. We therefore review the denial of a motion to reopen for abuse of discretion. *Id.*

Omar argues that the district court erred in declining to reopen his detention hearing because he presented new information that bore on both his danger to others and his likelihood of flight. But as Omar admits, his only "new" information was that a mistrial was declared in his state-court trial for assault with intent to murder and the state court ordered that he may be released on a $10,000 bond pending further proceedings. Omar was not acquitted, and he conceded that his charge remained pending and he could be tried again. As the district court concluded, the fact of the mistrial therefore had no material bearing on Omar's risk of flight because he still faced a serious criminal charge. The mistrial also brought no meaningful change to assessment of the danger that Omar posed to the community because he was still charged with assault with intent to

murder based on accusations that he stabbed a woman seven times. For these reasons, the district court did not abuse its discretion in declining to reopen Omar's detention hearing.

But even if we considered Omar's new information without regard for whether he satisfied the standards for "reopen[ing]" in § 3142(f)(2)(B), he still fell well short of establishing by clear and convincing evidence that he would not flee or pose a danger if he were released. He remained charged with assault with intent to murder, it was undisputed that he traveled to Texas from the Eastern District of Michigan without permission after he had requested and received permission to leave the Eastern District on past occasions, and the return bus tickets he submitted that purportedly showed his intent to return were in someone else's name.

Accordingly, the district court's order is **AFFIRMED**.


MOORE, Circuit Judge, concurring in the judgment. I concur in the judgment affirming the district court's order denying Omar's motion to reopen his detention hearing.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk